Robert L. Brewster, pro se.

Paul L. Witkin, Superior, Wis., for defendant.

**Robert L. BREWSTER, Plaintiff,**

v.

**ASHLAND PUBLISHING CORPORA-TION, a Wisconsin newspaper corporation, Defendant.**

**No. 70-C-35.**

United States District Court, W. D. Wisconsin.

July 11, 1972.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for money damages. Plaintiff is a citizen of Florida. Defendant is a corporation organized under the laws of the State of Wisconsin and having its principal place of business in that state. A sum in excess of $10,000 is alleged to be in controversy. Jurisdiction is claimed under 28 U.S.C. § 1332.

Originally, this action contained three counts. Named as defendant in Count One was the present defendant Ashland Publishing Company; named in Count Two was Northwest Publications, Incorporated; and named as co-conspirators in Count Three were Ashland and Northwest. By order of this court dated July 16, 1970, Counts Two and Three were dismissed and the defendants named in these counts were awarded court costs. Plaintiff appealed to the United States Court of Appeals for the Seventh Circuit from that order of dismissal and award of costs, and on November 29, 1971, that court dismissed plaintiff's appeal. Consequently, the sole remaining allegations of the complaint are contained in what was labeled "Count One" in the complaint as originally filed.

In "Count One," it is alleged that plaintiff is a citizen of Florida who attempted to operate a motel business in the vicinity of Ashland, Wisconsin, during the year 1967; that defendant is a publishing company which publishes a newspaper that is distributed in the Ashland area; that "during the month of July or August, 1967," plaintiff requested the defendant to publish as a paid advertisement an article written by plaintiff, which recounted certain of plaintiff's experiences in the Ashland area, "which were a matter of public record" ; that plaintiff offered to pay defendant the fee normally charged for similar publications, and informed defendant that there was no time limit after which plaintiff would not wish the article to be published; that in the normal course of its business, defendant customarily accepted paid advertisements from businesses and from other individuals; that defendant refused to publish plaintiff's article as a paid advertisement; and that defendant's refusal to publish the article was "arbitrary and malicious." By way of relief, the complaint seeks $40,000 actual damages and $100,000 punitive damages.

Defendant has moved for summary judgment as to the allegations contained in "Count One" of the complaint, upon the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Accompanying defendant's motion is the affidavit of Mr. Larry Asbach, to which is attached a letter averred to be the "article" which plaintiff sought to have published by defendant. In his affidavit, Asbach avers that in the year 1967, he was employed as the General Manager of the defendant; that in July or August of 1967, plaintiff submitted a letter to the defendant, requested that it be run as an advertisement, and offered to pay the standard advertising rate for it; that on behalf of the defendant's advertising department, Asbach declined to accept the letter for publication; and that the letter in question is attached to the affidavit of Asbach.

The Asbach affidavit does not place in issue any of the assertions contained in the complaint nor does it provide any rebuttal information with respect to those assertions. Consequently, for purposes of this motion only, I find that there is no genuine issue as to any of the facts alleged in plaintiff's complaint and recited earlier in this opinion.

Defendant contends that summary judgment is warranted here because "a newspaper publisher is under no obligation to sell advertising to all who may apply for it, and is not required to accept for publication and advertisement, in proper form, even though the rate which the newspaper charges for publishing like advertisements is tendered. . . . ." In support of this contention, defendant relies upon the holding in Chicago Joint Board of Amalgamated Clothing Workers v. Chicago Tribune Company, 307 F.Supp. 422 (N.D.Ill. 1969).

It is clear that in this diversity action, the substantive law to be followed by this court is the law of the State of Wisconsin. Not only is Wisconsin the domicile of the defendant, but it is also the site of the actions upon which the claim at bar is based. A Wisconsin state court, applying the Wisconsin choice of law rule, would follow Wisconsin substantive law in this situation. Castonzo v. General Casualty Company of Wisconsin, 251 F.Supp. 948 (W.D. Wis.1966) ; Conklin v. Horner, 38 Wis. 2d 468, 157 N.W.2d 579 (1968). However, the courts of Wisconsin have not decided the question of whether a newspaper that publishes general advertising aimed at the public is thereby extending an offer to contract to each member of the public and therefore must accept all proposed advertisements tendered to it in proper form. Few courts have ruled on this precise question, and the decision in *Chicago Joint Board, supra,* is a recent and well-reasoned discussion of the issue posed at bar. I conclude that in this situation a Wisconsin court would apply the law as interpreted by the United States District Court for the Northern District of Illinois in Chicago

 

Joint Board v. Chicago Tribune Company, *supra.*

In *Chicago Joint Board, supra,* each of four defendant newspaper publishers refused to publish an advertisement submitted to it for publication by the plaintiff union. The union sued for injunctive relief and for compensatory and punitive damages. The union alleged that defendants' refusal to publish its advertisement constituted a breach of contract, which contract arose from plaintiff's acceptance of an alleged standing offer by defendants to publish any lawful advertisement; and that plaintiff had justifiably relied upon defendants' representations to the effect that they would publish any lawful advertisement submitted to them. 307 F.Supp. 422, 424.

The defendant publishers moved for summary judgment with respect to those allegations, and the court granted their motions. In so doing, it stated that those allegations were premised upon contractual or quasi-contractual theories, and that "[u]nder general contract theory, the presumption is that general advertising aimed at the public is not an offer to enter a contract." 307 F.Supp. at 424. The court also noted that "[n]one of the defendants has explicitly extended an offer to the general public to publish any lawful advertisement which is submitted for publication by a party who is willing and able to pay the standard advertising rate. . . ." *Id.*

██ Like the allegations in *Chicago Joint Board, supra,* the allegations in the case at bar are based upon contractual or quasi-contractual theories of recovery. Consequently, the presumption applicable to the instant allegations is that defendant's general advertising did not constitute an offer to the plaintiff to enter into a contract. No allegation rebuts this presumption: it is not asserted either that defendant extended an explicit offer to plaintiff or that defendant has represented in any way that it would accept for publication any advertisement tendered to it in proper form. Since defendant was under no contractual or quasi-contractual duty to publish plaintiff's letter, the allegation that its refusal to do so was "arbitrary and malicious" is not relevant to the disposition of the motion at bar. Therefore it appears that plaintiff is not entitled to recovery and that defendant is entitled to judgment as a matter of law.

In so holding, however, I wish to emphasize that the sole question raised has been a contractual one. Neither the pleadings, nor any affidavit, raises any constitutional issue. For example, this record presents no issue whether defendant's refusal to publish plaintiff's communication has resulted in plaintiff's inability to publish it in any other way; whether defendant enjoys exclusive control of channels of communication; whether, if so, defendant's enterprise is to be considered an instrument of the state for the purpose of the Fourteenth Amendment; or any similar issues.

Accordingly, it is hereby ordered that defendant's motion for summary judgment is granted.